PAGÁN ET AL., DEMANDANTES Y APELADOS, *v.* SELLÉS ET AL, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación.

MOCIÓN para que se permita corregir los autos.

No. 2119.—Resuelto en abril 8, 1920.

CORRECCIÓN DE AUTOS—ESTOPPEL.—Aunque la parte apelada haya certificado la transcripción de los autos conjuntamente con el apelante, la teoría de *estop-*

*pel* no le impide solicitar enmiendas a los autos antes de la vista. La sección 55 de las reglas del Tribunal Supremo es de aplicación lo mismo a las transcripciones certificadas por el secretario que a las certificadas por las partes o sus abogados.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. M. Guerra Mondragón e I. Soldevila.*

Abogados de los demandantes y apelados: *Sres. M.* y *José Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

De acuerdo con la regla 55 del reglamento de este tribunal, los apelados han presentado una moción para adicionar los autos a fin de demostrar que dos personas que naturalmente eran demandantes pero que se les designó como partes demandadas fueron en verdad notificadas del emplazamiento y hechas partes de tal manera en el pleito. El único fundamento de oposición a esta moción es que la transcripción fué firmada y certificada por ambas partes en los autos y por tanto que el apelado no puede adicionar nada para impugnar la transcripción de autos certificada por ellos; en otras palabras que existe cierto impedimento (*estoppel*) o renuncia.

El apelante para traer su apelación ante esta corte puede hacer cualquiera de estas dos cosas. Solicitar del secretario de la corte de distrito que certifique acerca de la corrección de la transcripción, o puede pedir al abogado de la otra parte que en unión de su abogado certifique la transcripción. Los artículos 301, 302 y 303 del Código de Enjuiciamiento Civil demuestran que el envío de la transcripción es en su esencia un acto del apelante. Con obtener el apelante la certificación del abogado de la parte contraria, cumple con estos artículos, pero la transcripción remitida es el cumplimiento de un deber por parte del apelante, ya esté dicha transcripción certificada por el secretario o por los abogados. El abogado de la parte contraria no puede durante la vista del

caso impugnar la corrección de la transcripción ya esté ésta certificada por el secretario o los abogados; pero antes de la vista el apelado siempre tiene el derecho de sugerir una corrección en los autos. No existe impedimento porque él no ha inducido a error al apelante. La enmienda de los autos es cosa que descansa principalmente en la discreción de la corte de apelación después que dichos autos han sido elevados, y si lo que el apelado solicita requiere que otras partes de los autos hayan de ser remitidas a este tribunal, el apelante puede protegerse mediante una contra-moción. La conclusión a que hemos llegado es en beneficio de los apelantes, pues si los apelados creyeron que las omisiones inadvertidas o fraudes no pudieron ser corregidos dichos apelados probablemente harían recaer una parte mucho mayor del trabajo sobre el secretario.

De todos modos el apelante no nos ha citado nada por virtud de lo cual la regla 55 no sea de aplicación general a todas las transcripciones remitidas a esta corte. La moción debe ser declarada con lugar y la certificación de la corte de distrito adicionada a los autos.

*Concedida la corrección de autos.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.